**\*E-FILED 5/5/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN EMMA KELLY,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, ET AL.,<br><br>            Defendants.<br>_____/ | NO. 5:04-cv-3676 JW (RS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DESIGNATION UNDER FED. R. CIV. PRO. 30(b)(6)** |

## I. INTRODUCTION

Plaintiff Susan Emma Kelly ("Kelly") moves to compel defendant County of Santa Clara ("County") to designate witnesses to testify concerning two categories of information: (1) Internal Affairs investigations and records of such investigations in general and specific investigations and records concerning one of the defendants, Deputy Sheriff Kenneth Owens ("Owens"), and (2) disciplinary proceedings and actions taken against Deputy Owens, pursuant to Fed. R. Civ. Pro. 30(b)(6).[1] The County opposes the motion based on privacy and confidentiality concerns, as well as on its contention that Kelly has not established a need for

---

[1] Kelly initially requested designation concerning a third category, services provided to her at Santa Clara Valley Medical Center on September 28 and 29, 2003. However, the parties resolved that request and Kelly, accordingly, withdrew that portion of her motion. See Reply Brief at p. 2, fn. 2.

United States District Court
For the Northern District of California

such discovery. The motion was heard by the Court on May 4, 2005. Based on all papers filed to date, the Court grants the motion to compel, for the reasons set forth below.

## II.  BACKGROUND

On September 28, 2003, Deputy Owens arrested Kelly following a dispute concerning Kelly's dog, who was unleashed at the time. During the arrest, Kelly alleges that she was subjected to excessive force and contends that Deputy Owens touched her in a sexual manner. The County denies Kelly's characterization of the arrest and claims that Kelly used profane language, refused to cooperate with Deputy Owens, and physically resisted arrest. The arrest was later reclassified as a detention, and no criminal charges were ever filed against Kelly.

As a result of her arrest, Kelly lodged an Internal Affairs complaint against Deputy Owens with the Sheriff's Department. An investigation ensued and the Department sustained Kelly's complaint, although no criminal charges were filed against Deputy Owens. Following the conclusion of the Internal Affairs investigation, Kelly filed several claims against the County, as well as against Deputy Owens, alleging violations of her civil rights under 42 U.S.C. § 1983. Her complaint also avers violations of state law, including claims for false arrest and imprisonment; battery; sexual battery; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; and, negligence. In discovery, Kelly received all internal affairs investigations and disciplinary proceedings pertaining to Deputy Owens. Kelly now seeks to depose the County regarding both its general policies and procedures concerning investigations conducted by Internal Affairs, as well as those specific investigations involving Deputy Owens. Kelly also requests that the County designate a witness to testify concerning any disciplinary proceedings and actions taken against Deputy Owens.[2]

The County objects to Kelly's requests concerning the investigations conducted by Internal Affairs based on (1) the absence of any complaint by Kelly about the manner in which the internal affairs investigation was conducted with respect to her complaint, and (2) her failure to demonstrate why the materials she has already received in discovery concerning Deputy Owens are inadequate or non-

---

[2] These specific subject areas are set forth in categories (d) and (e), respectively, of Kelly's deposition notice.

2

responsive.  The County also contends that Deputy Owens has been involved in only one additional internal affairs investigation and that such investigation was based on a verbal altercation with a citizen during a traffic stop and, therefore, has no relevance to the incident involving Kelly.

### III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

### IV.  DISCUSSION

A.  <u>Internal Affairs Investigations</u>

Kelly seeks designation of a witness to testify concerning two separate categories of Internal Affairs investigations: (1) general policies and procedures regarding investigations and (2) investigations and records specifically concerning Deputy Owens.  With respect to those categories, Kelly concedes that, since the information may be contained in government personnel files, it is considered "official information" and may, therefore, be protected by the official information privilege.  <u>Sanchez v. City of Santa Ana</u>, 936

3

F.2d 1027, 1033 (9th Cir. 1990). She notes, however, that the official information privilege is qualified, and does not provide an absolute bar to disclosure. Miller v. Panucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (holding personnel files sought to be discovered in an action alleging excessive force by police officers protected only by the qualified "official information" privilege). In order to determine whether the privilege bars disclosure, courts must weigh the potential benefits of disclosure against the potential disadvantages. Miller, 141 F.R.D. at 299. In the context of a civil rights case against the police department, however, this balancing approach is pre-weighted in favor of disclosure. Id. at 300.

At the outset, before the court applies any balancing test to determine the discoverability of government information, a party seeking to invoke the "official information" privilege must satisfy two requirements. Id. First, the party who receives a discovery request must timely serve and file an objection that invokes the official information privilege by name. Id. Second, at the time it serves and files its response to the discovery request, the party must also submit a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter, setting forth specific facts regarding the risk of harm which would occur were the material to be disclosed. Id. "Only after the party asserting the privilege has satisfied these criteria, and in the absence of an agreement, should the parties resort to the Court for resolution." Id. at 301. If the threshold requirements are not met, the privilege assertion must be overruled in its entirety and complete disclosure will be ordered. Id.

In this instance, as pointed out by Kelly, the County never invoked the "official information" privilege by name. See County's Objections to Supoena, at Exh. B. to Declaration of Jessica Valenzuela. Rather, the County objected to Kelly's discovery request solely on the basis that the requested information concerned "privileged and confidential information pertaining to defendant Owens and, potentially, to other individuals, including private citizens and law enforcement officers." Id. Moreover, neither its objections, nor its opposition to the motion to compel, was accompanied by a declaration from the head of the department which has control over the matter, as required by the Ninth Circuit. See Kerr v. United States Dist. Court for Northern District, 511 F.2d 192, 197 (9th Cir. 1975); Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As a result, the County's "privilege" assertion is overruled and the County is ordered to designate a witness to testify concerning category (d), as identified in the Notice of

4

Deposition served by Kelly on February 14, 2005.[3]

### B.   Disciplinary Proceedings/Actions Taken Against Deputy Owens

Kelly also asks the County to designate a witness to testify concerning disciplinary proceedings and actions taken against Deputy Owens. To the extent that the County objects to designating a witness to testify concerning this issue based on privilege, the objection is overruled for the reasons just discussed. In addition, the County argues that Kelly should be required to make an offer of proof before being provided with access to such discovery since it concerns a "sensitive" subject. Contrary to the County's argument, however, Kelly is not required to make such a showing, since discovery need not be admissible, but need only be calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Pro. 26(b)(1). Whether or not Deputy Owens has been subjected to other disciplinary actions may be relevant to the claims pled in Kelly's complaint. As a result, the County's objection is overruled and it is ordered to designate a witness to testify concerning category (e), as identified in the Notice of Deposition served on the County on February 14, 2005.

## V.   CONCLUSION

For the reasons set forth herein, Kelly's motion to compel the County to designate witnesses to testify concerning categories (d) and (e), as set forth in the deposition notice served on the County on February 14, 2005, is granted. Based on Kelly's agreement that this information should remain confidential, however, those portions of the deposition(s) concerning these categories shall not be made available to the public or otherwise disclosed outside this litigation without further Court order. The information shall be used in these proceedings subject to the terms of a stipulated protective order, to be submitted by the parties to the Court within ten (10) days of the date of this order.

IT IS SO ORDERED.

---

[3] The County's opposition brief also notes that the information requested in category (d) is not reasonably calculated to lead to the discovery of admissible evidence; is overly broad and vague; and, is duplicative, to some extent, of information previously provided to Kelly concerning the parallel criminal investigation aimed at Deputy Owens concerning this incident. Although these objections were neither initially nor timely raised, and, on that basis alone, could be overruled, none has merit.

5

Dated: May 4, 2005

    /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

James McManis    jmcmanis@mfmlaw.com, smaes@mfmlaw.com

Jessica Valenzuela Santamaria    jvalenzuelasantamaria@mfmlaw.com, smaes@mfmlaw.com

Stephen H. Schmid    stephen.schmid@cco.co.santa-clara.ca.us,

**Dated: May  5, 2005**                                        **Chambers of Judge Richard Seeborg**

                                                               **By:      /s/ BAK**