IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Susan Emma Kelly, | NO. C 04-03676 JW |
| Plaintiff(s), | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| County of Santa Clara, et al., | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Susan Emma Kelly ("Plaintiff") sued Defendants County of Santa Clara ("the County") and Deputy Sheriff Kenneth Owens ("Owens") (collectively referred to as "Defendants") for, <u>inter alia</u>, violation of her civil rights. Plaintiff's lawsuit arises out of an arrest incident that occurred on September 28, 2003, in the County of Santa Clara. The claim at issue in this motion alleges violation of civil rights under 42 U.S.C. § 1983 based upon deprivation of due process. Defendants previously sought to dismiss this claim under FED. R. CIV. P. Rule 12(b)(6). This Court granted Defendants' motion without prejudice and with leave to amend on February 15, 2005, finding that Plaintiff did not satisfy her burden of alleging Owens' bad faith. Defendants now seek a Rule 12(b)(6) dismissal of the claim stated in Plaintiff's amended complaint. A hearing on Defendants' motion was set for May 9, 2005. However, this Court finds it appropriate to take the motion under submission without oral argument for decision based on the papers pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

Plaintiff alleges the following in her complaint: On September 28, 2003, Plaintiff encountered Owens, a Santa Clara County Deputy Sheriff, in his marked vehicle outside her home. Owens ordered

Plaintiff to secure her dog and informed her that she was in violation of the County ordinance for "dogs at large." (Complaint ¶¶ 7-8.) While Plaintiff was attempting to secure her dog, Owens struck Plaintiff from behind forcing her to the ground. (Complaint ¶ 10.) Owens handcuffed Plaintiff and informed her that she was under arrest. (Complaint ¶ 10.) Owens then transferred Plaintiff from the ground to the back seat of his vehicle and requested Plaintiff to sit upright in the back of the seat. (Complaint ¶¶ 11-12.) Plaintiff could not sit upright because she was in an awkward position and because Owens was hovering over her with his hands between her thighs and on her breast. (Complaint ¶ 13.) After repeated warnings for failure to comply, Owens sprayed her in the eye with pepper spray. (Complaint ¶ 15.)

After Owens pepper-sprayed Plaintiff, emergency personnel arrived at the scene and treated her for the injury. (Complaint ¶ 18.) Owens informed emergency personnel that Plaintiff was drunk, and that she was slurring her words. (Complaint ¶ 18.) After the emergency personnel left the scene, Owens arrested Plaintiff for "dogs at large," public intoxication, resisting arrest, and battery on a police officer while in the performance of his duties. (Complaint ¶¶ 19-20.) Plaintiff explained to Owens that she was having difficulty speaking because she had undergone a dental procedure earlier that day. (Complaint ¶ 21.) Plaintiff asked Owens to give her a blood test to determine her blood alcohol level. (Complaint ¶ 21.) Plaintiff now alleges that Owens did not administer the blood test because he knew that if she were found to be sober, it would be more difficult for him to refute allegations of his wrongdoing. (Complaint ¶¶ 21-22.)

On the ensuing ride to the Santa Clara County jail, Plaintiff alleges that Owens intentionally swerved the car so as to cause her discomfort. (Complaint ¶ 23.) At the jail, he was directed by medical personnel to take her to Santa Clara Valley Medical Center, where she would receive treatment for her pepper spray injury. (Complaint ¶ 25.) At the Medical Center, Plaintiff again requested that she be given a blood test to determine her alcohol level. (Complaint ¶ 27.) Plaintiff was not given a blood test. (Complaint ¶ 27.) Owens transported Plaintiff to the jail where she was processed and spent the remainder of the night. (Complaint ¶ 28.) Plaintiff was released the

following morning. (Complaint ¶ 28.) Charges were never filed against Plaintiff and her arrest was reclassified as a detention. (Complaint ¶ 29.)

On March 25, 2004, in compliance with Government Code § 900 et seq., Plaintiff served a claim on Defendants. (Complaint ¶ 32.) This claim was rejected by operation of law on May 10, 2004. (Complaint ¶ 32.) Plaintiff then filed a complaint in this Court against Defendants asserting eleven claims: two civil rights claims under 42 U.S.C. § 1983 based upon violations of the Fourth Amendment and the due process clause of the Fourteenth Amendment; violation of California Civil Code § 52.1; false arrest and false imprisonment; battery; sexual battery; defamation; violation of California Civil Code § 52.4; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligence.

Defendants move to dismiss the second claim alleging violation of civil rights based upon deprivation of due process under FED. R. CIV. P. 12(b)(6).

### III.  STANDARDS

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 45-46. As the Ninth Circuit observed, a "motion to dismiss for failure to state a claim is viewed with disfavor and is <u>rarely</u> granted." <u>Gilligan v. Jamco Develop. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997) (emphasis added).

In ruling on a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations or legal characterizations. <u>Pareto</u>, 139 F.3d at 699. Also, the court need not accept unreasonable inferences or unwarranted deductions of fact. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

3

## IV.  DISCUSSION

To state a claim for violation of due process under 42 U.S.C. § 1983, Plaintiff must establish that (1) she was deprived of a right secured by the Constitution, and (2) the alleged deprivation was committed under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Both Plaintiff and Defendants agree that Defendants' alleged conduct was committed under color of state law.  There is dispute, however, over whether Plaintiff was deprived of a Constitutional due process right by Owens' failure to collect and preserve exculpatory evidence during the arrest incident.

Generally, to establish a deprivation of due process for failure to collect and preserve potentially exculpatory evidence, the plaintiff must make a showing that (1) the evidence was "material" and (2) the failure to collect the evidence occurred through bad faith on the part of the law enforcement officers. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); United States v. Martinez-Martinez, 369 F.3d 1076, 1086 (9th Cir. 2004); Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir. 1989). Evidence is constitutionally material if it (1) "possesses an exculpatory value that was apparent before the evidence was destroyed," and (2) is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Martinez-Martinez, 369 F.3d. at 1087 (citing California v. Trombetta, 467 U.S. 479, 488-89 (1984)).

In Miller, the Ninth Circuit was confronted with a situation in which the police officer failed to gather evidence during an interview with a victim of attempted rape. Miller, 868 F.2d at 1121. The officer was specifically informed about the existence of a blood-stained jacket the victim was wearing during the attempted rape but failed to collect the jacket, then lied repeatedly about why he failed to do so. Id.

The Miller court held that a bad faith failure to collect potentially exculpatory evidence would violate the due process clause. Miller, 868 F.2d at 1120.  Two indicia of bad faith on the part of the police are "official animus" and a "conscious effort to suppress exculpatory evidence." Trombetta,

4

1  467 U.S. at 488; <u>United States v. Jobson</u>, 102 F.3d 214, 218 (6th Cir. 1996); <u>United States v. Nesbitt</u>,

2  852 F.2d 1502, 1520-21 (7th Cir. 1988); <u>see</u> <u>also</u> <u>Miller</u>, 868 F.2d at 1121.  Plaintiff must "put

3  forward specific, nonconclusory factual allegations that establish improper motive."  <u>Gausvik v.</u>

4  <u>Perez</u>, 345 F.3d 813, 818 (9th Cir. 2003); <u>People of Territory of Guam v. Muna</u>, 999 F.2d 397, 400

5  (9th Cir. 1993) (stating that plaintiff bears the burden of showing the government's bad faith).

6

7  Having considered all Defendants' arguments, the Court determines that Plaintiff's amended

8  complaint cures its prior failure to allege bad faith and satisfactorily states a claim upon which relief

9  can be granted.[1]

10  The Amended Complaint repeats with some modification a claim against the County.

11  Defendants' motion does not challenge the specifics of the complaint with respect to the County's

12  negligent hiring, training, or supervising of Owens.  Defendants' Motion only states generally,

13  "Plaintiff has failed to allege bad faith on the part of any VMC employee or County actor other than

14  Owens."  (Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's First

15  Amended Complaint at 5:14-15.)  At this point, the Court finds the complaint sufficient to allege a

16  claim against the County.  Paragraph 44 of the complaint incorporates ¶¶ 1 through 43 into the second

17  claim.  Paragraphs 38, 39, and 40 attribute "deliberate indifference," or bad faith, to the County

18  through the County's involvement in training, retaining, and supervising Owens.  Therefore, the

19  complaint, if proven, satisfactorily alleges a claim against the County.  <u>See</u> <u>Monell v. Department of</u>

20  <u>Social Servs. of New York</u>, 436 U.S. 658 (1978).

---

[1] The Court wishes to clarify the following statement in its February 15, 2005 Order Granting Defendants' Motion to Dismiss: ". . . Defendants argue that failure to collect evidence that is potentially exculpatory did not deprive Plaintiff of due process, and therefore Plaintiff does not make a prima facie case under 42 U.S.C. § 1983 . . . The Court agrees with Defendants." (February 15, 2005, Order Granting Defendants' Motion to Dismiss at 4:5-8.) This statement should be construed as showing agreement with Defendants' assertion of Plaintiff's failure to show a prima facie case, not with Defendants' legal conclusion that the failure to collect potentially exculpatory evidence was not a deprivation of due process.

5

With regard to Owens, two new paragraphs have been inserted into the amended complaint that sufficiently allege bad faith.  In ¶ 47, Plaintiff alleges upon information and belief "that Owens intentionally deprived plaintiff of the opportunity to procure a blood test because he knew that plaintiff was not drunk, and that the results of a blood test would expose his unlawful conduct."  Similarly, ¶ 22 states, "Plaintiff is informed and believes that Deputy Owens's arrest of plaintiff was an attempt to cover up his abusive treatment of her.  He knew that a blood test would disprove his claim that plaintiff was drunk, and would frustrate his attempt to cover up his wrongdoing."

These paragraphs sufficiently allege bad faith.  The Court need not accept as true conclusory allegations or legal characterizations.  Pareto, 139 F.3d at 699.  Nor need it accept unreasonable inferences or unwarranted deductions of fact.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, the allegations should be "construed in the light most favorable to the non-moving party."  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986) (citing North Star International v. Arizona Corp. Commission, 720 F.2d 578, 580 (9th Cir. 1983)).  Moreover, in cases involving alleged violations of civil rights, courts should be particularly careful to avoid resolving ambiguities in a 12(b)(6) claim against the pleading.  See Holley v. Crank, 400 F.3d 667, 674 (9th Cir. 2005); see also Thomas v. Younglove, 545 F.2d 1171, 1172 (9th Cir. 1976).  In light of these considerations, the Court determines that, on its face, the allegation at issue is not so unspecific or conclusory nor its inferences so unreasonable as to trigger a 12(b)(6) dismissal.

Defendants, however, argue that the allegation at issue is illogical on the facts alleged in the complaint, such that the complaint fails to state a claim upon which relief can be granted.  The Court need not address this argument, as it has already found the allegations to be sufficient.  Nevertheless, the Court will respond to these arguments to demonstrate that they do not show beyond doubt that Plaintiff has failed to state a claim.

Defendants assert that the allegation that Owens denied the blood test for bad faith reasons is illogical: Giving her a blood test would not have implicated Owens in any wrongdoing, as he would be arresting Plaintiff for other violations anyway and, moreover, would not have the results from such

1  a test until after he had already arrested and detained her.  Therefore, Defendants imply, he had no
2  self-serving or bad faith reason to deny her the test.  However, Plaintiff's Complaint states that
3  "Owens's arrest of plaintiff was an attempt to cover up his abusive treatment of her."  (Complaint ¶
4  22.)  When assumed to be true, this fact shows that Owens could have wanted to deny her the blood
5  test as a way to cover up not only an unlawful arrest, which Defendants address, but also "his abusive
6  treatment of her."  If she were found to have been intoxicated, it may have been easier for Plaintiff to
7  show that Owens' treatment was, in fact, abusive.  Therefore, Plaintiff's allegation is not necessarily
8  illogical on this argument.

9  Defendants also argue that Owens could not have acted in bad faith in denying Plaintiff a blood
10 test because, as no charges were brought against Plaintiff, there was no wrongdoing from which such a
11 test could exculpate her, and no way that denying a blood test could harm her or forfeit her
12 exculpation.  This argument, however, unreasonably presumes that Owens knew <u>when he arrested the</u>
13 <u>Plaintiff</u> that no charges would be brought against her.  Therefore, it fails.

14 Defendants also assert that the allegation is illogical because, as no charges were brought
15 against the Plaintiff, denying her a blood test did not lead to any injury for which Defendants could be
16 liable under 42 U.S.C. § 1983.  Yet, contrary to Defendants' assumption, Plaintiff may have been
17 harmed by the denial of a blood test in ways other than limiting her potential exculpation from criminal
18 charges.   First, ¶ 51 of the amended complaint states: "As a direct result of and proximate result of the
19 wrongful acts alleged herein, plaintiff has suffered loss of reputation, respect, . . . humiliation," etc.
20 Under general pleadings standards, this allegation is sufficient for Plaintiff to raise the argument she
21 makes in her Opposition to Defendants' Motion to Dismiss that her detention will remain a permanent
22 stigma on her record, thus constituting an injury to her for which Defendants may be liable.  Second,
23 the "abusive treatment" alleged in ¶ 22 may also constitute such an injury.  At the least, Plaintiff should
24 have an opportunity to raise these arguments that the process and consequences of her detention
25 constituted an injury for which Defendants might be liable under 42 U.S.C. § 1983.

7

Similarly, contrary to Defendants' claim that the lack of charges means that there is nothing from which Plaintiff could be exculpated, Plaintiff should have an opportunity to raise her argument that the detention on her record constitutes something from which she could be exculpated.

While the Court makes no determination on the viability of these arguments at this time, the Court finds that Plaintiff's allegations, when assumed to be true and portrayed in the light most favorable to the Plaintiff, may support the conclusion that Owens denied Plaintiff a blood test in bad faith. Therefore, Plaintiff has not failed to state a claim upon which relief can be granted.

## V.  CONCLUSION

For the foregoing reasons and in consideration of all of Defendants' arguments, Defendants' FED. R. CIV. P. Rule 12(b)(6) motion to dismiss Plaintiff's claim is denied.

Dated: June 10, 2005

04cv3676dis2

/s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James McManis jmcmanis@mfmlaw.com

Jessica Valenzuela Santamaria jvalenzuelasantamaria@mfmlaw.com

Stephen H. Schmid stephen.schmid@cco.co.santa-clara.ca.us

**Dated: June 10, 2005**                                       **Richard W. Wieking, Clerk**


                                                                **By: /jwchambers/**
                                                                        **Ronald L. Davis**
                                                                        **Courtroom Deputy**